### HERSCHEL FOSTER v. THE STATE.

#### No. 1760. Decided May 8, 1912.

#### Rehearing granted June 5, 1912.

**1.—Aggravated Assault—Recognizance.**

Where the appeal was dismissed for a defective recognizance, but a new recognizance as provided by law was filed the appeal was reinstated.

**2.—Same—Bill of Exceptions.**

In the absence of a bill of exceptions, objections to the admissibility of testimony can not be considered on appeal.

**3.—Same—Charge of Court—Manslaughter.**

Where, upon trial of murder, the defendant was convicted of aggravated assault, an objection to the court's refusal to give charges relating to manslaughter will not be considered on appeal.

**4.—Same—Self-Defense—Charge of Court.**

Where, upon trial for murder, the defendant was convicted of aggravated assault and the evidence showed that defendant first struck the deceased in self-defense, the court should have submitted the question of defendant's right to continue to act in self-defense as long as it reasonably appeared to him to be necessary, and if he ceased to so act as soon as he learned that the necessity had ceased to acquit the defendant.

**5.—Same—Charge of Court—Deadly Weapon.**

Where the evidence showed that deceased fired with a pistol and that then defendant struck her, the court should have charged article 676, Penal Code.

Appeal from the District Court of Potter. Tried below before the Hon. J. N. Browning.

Appeal from a conviction of aggravated assault; penalty, a fine of $450.

The opinion states the case.

*Cooper, Merrill & Lumpkin,* for appellant.—On question of the court's failure to submit article 676, Penal Code: Jones v. State, 17 Texas Crim. App., 602; Cochran v. State, 28 Texas Crim. App., 422; Yardley v. State, 50 Texas Crim. Rep., 647.

On question of court's charge on self-defense: Clark v. State, 56 Texas Crim. Rep., 295; Renow v. State, 56 Texas Crim. Rep., 343.

On question of court's refusal of defendant's special charge: Jones v. State, 44 Texas Crim. Rep., 408; Sargent v. State, 33 id., 338; Scott v. State, 46 id., 313; Rice v. State, 54 id., 150; Crenshaw v. State, 48 id., 77; Carson v. State, 57 id., 396; Swain v. State, 48 Texas Crim. Rep., 104.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with murder and was convicted of an aggravated assault. The recognizance is not in compliance with the law relating either to a felony or misdemeanor conviction, and the motion of the Assistant Attorney-General to dismiss must be sustained.

Appeal dimissed.

*Dismissed.*

ON REHEARING.

June 5, 1912.

HARPER, JUDGE.—This case was dismissed at a former day of this term, and appellant having filed a new recognizance as provided by law, the case is reinstated, and will be considered on its merits.

Deceased was a married woman, and went to the home of a friend and telephoned for appellant. He and a friend named Cantrell went to the home of Miss Stacey at night and they all drank beer. It is shown that improper relations had existed between appellant and deceased, and deceased that night made remarks about appellant being seen with another woman. It is useless to repeat the language, but after some words had been passed, appellant proposed to go and get some more beer, he stating his intention was to get away. Deceased objected to him leaving, and telephoned for the beer. While waiting, deceased went into an adjoining room and got a pistol belonging to Miss Stacey and fired it, the ball striking appellant in one of his ears. The State's testimony would indicate that the shot was perhaps unintentionally fired, while the testimony offered in behalf of appellant would show an intentional shooting. Appellant knocked deceased down, and the State's testimony would show he stamped her seven or eight times, and otherwise maltreated her, claiming that deceased

asked him not to do that, that she did not intend to shoot him. That appellant replied that she had tried to kill him and he was going to kill her. The testimony would show that deceased was badly bruised, and died a few days thereafter.

Appellant admits knocking her down; that he thought she was trying to kill him, and he got down over her and struck her, not knowing but what she would shoot again. That when informed she had no longer a pistol, he desisted. The attending physician testifies that deceased died because she would not permit an operation when he recommended it, and on this testimony the jury returned a verdict only of aggravated assault.

The several grounds in the motion for new trial complaining of the admissibility of certain testimony we can not consider as there are no bills of exception in the record.

Neither can we consider the refusal to give special charges Nos. 1, 2 and 3 as they all relate to the offense of manslaughter, and appellant was found guilty of aggravated assault only, and the charges only relate to whether appellant was guilty of homicide or of less offense.

However, we think charge No. 5 should have been given. It reads: "If you believe from the evidence that defendant first struck the deceased in self-defense, then you are instructed that he had the right to continue to so act so long as it reasonably appeared to him to be necessary and if he ceased to so act as soon as he learned that the necessity had ceased, you will acquit the defendant, or if you have a reasonable doubt as to whether he so ceased to act as soon as it became reasonably apparent that such necessity had ceased, you will acquit and say by your verdict 'not guilty.'" This theory was not presented in the court's main charge. The unquestioned evidence shows that deceased, without provocation on the part of appellant, fired a shot that struck him, and the first blow struck by him under such circumstances would render him guilty of no offense. The testimony is conflicting after this first blow: that for the State would raise the issue, that after he knew danger was passed, he continued to stamp and maltreat her, while appellant and Mr. Cantrell by their testimony would present the issue that as soon as appellant was made aware she was no longer armed he desisted. The court had charged the jury: "The right of self-defense depends upon the necessity or the apparent necessity to take life in order to prevent death or serious bodily injury and when the necessity or apparent necessity to do so ceases the right ceases," and followed this up with a charge that if the defendant struck additional blows or kicks, independent of the blows or kicks made in his rightful self-defense, the defendant could not claim to have acted in self-defense. Presenting the State's theory, the converse of the proposition should have been given as requested by defendant.

Again, deceased fired with a pistol and defendant claims that the court erred in failing to give in charge article 676. Under the decisions of this court we think the court should have applied the law of

presumption as stated in this article properly, if deceased intentionally fired the shot.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*